T.C. Summary Opinion 2009-91

UNITED STATES TAX COURT

TIMOTHY W. FULLER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8028-08S.                    Filed June 8, 2009.

<u>Jay T. Schweitzer</u>, for petitioner.

<u>Michael W. Bitner</u>, for respondent.


CHIECHI, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

_____

[1]Hereinafter, all section references are to the Internal Revenue Code in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $1,941 in petitioner's Federal income tax for his taxable year 2006.

We must decide whether petitioner is entitled for his taxable year 2006 to exclude from his gross income discharge of indebtedness of $6,098.[2] We hold that he is not.

## Background

Some of the facts have been stipulated and are so found.

Petitioner resided in Iowa at the time he filed the petition in this case.

On February 12, 2001, petitioner and his then spouse, Gaylene Fuller (Ms. Fuller), purchased a used 1999 Pontiac Grand Am automobile (Pontiac Grand Am), financed that purchase by borrowing $12,328.15, and executed a retail installment sale contract (February 12, 2001 sale contract) with respect to that purchase. Pursuant to that contract, petitioner and Ms. Fuller agreed to pay the $12,328.15 that they borrowed over a 66-month period that began on March 14, 2001. Pursuant to the February 12, 2001 sale contract, the seller's interest in that contract and the related security agreement were assigned to Triad Financial Services (Triad). (We shall refer to the obligation of petitioner and Ms. Fuller to Triad as of the time the seller's

_____

[2]There are other questions relating to certain determinations in the notice of deficiency that respondent issued to petitioner for his taxable year 2006 that are computational in that their resolution flows automatically from our resolution of the issue that we address herein.

interest in the February 12, 2001 sale contract and the related security agreement were assigned to Triad as the debt to Triad.)

On May 19, 2004, pursuant to a decree of dissolution of marriage that the District Court for Washington County, Iowa (Washington County district court), entered on that date, the marriage between petitioner and Ms. Fuller was dissolved. In connection with the dissolution of their marriage, petitioner and Ms. Fuller executed a stipulation that they filed with the Washington County district court. That stipulation provided in pertinent part that Ms. Fuller was to be responsible for the payment of the debt to Triad.

At a time not disclosed by the record, Ms. Fuller failed to make the payments required with respect to the outstanding debt to Triad, and the Pontiac Grand Am was repossessed. On a date not disclosed by the record, a representative of Triad contacted petitioner in an attempt to collect that outstanding debt.

On May 11, 2006, Triad canceled the outstanding debt to Triad. Thereafter, Triad issued to petitioner Form 1099-C, Cancellation of Debt (Triad's Form 1099-C), with respect to his taxable year 2006. In that form, Triad showed that petitioner had $6,098 of debt canceled.

Petitioner filed electronically Form 1040, U.S. Individual Income Tax Return, for his taxable year 2006. In that return, petitioner did not include in gross income the $6,098 of debt

canceled that Triad showed in Triad's Form 1099-C issued to petitioner for his taxable year 2006.

Respondent issued a notice of deficiency to petitioner for his taxable year 2006. In that notice, respondent determined that petitioner has cancellation of debt income of $6,098.

## Discussion

Petitioner bears the burden of proving error in the determination that he has cancellation of debt income of $6,098.[3] See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Section 61(a) defines the term "gross income" broadly to mean all income from whatever source derived, including income from DOI. See sec. 61(a)(12). Section 108(a) provides certain exceptions to section 61(a)(12). As pertinent here, section 108(a)(1)(B) excludes from gross income any amount that otherwise

---

[3]Petitioner does not argue that the burden of proof shifts to respondent under sec. 7491(a). However, he takes the position on brief that respondent has the burden of establishing that the debt to Triad was enforceable under the law of the State of Iowa (Iowa law). In support of that position, petitioner relies on Zarin v. Commissioner, 916 F.2d 110 (3d Cir. 1990), revg. 92 T.C. 1084 (1989). Zarin is materially distinguishable from the instant case, and petitioner's reliance on that case is misplaced. In Zarin v. Commissioner, 92 T.C. 1084 (1989), we addressed whether the taxpayer or the Commissioner of Internal Revenue (Commissioner) bore the burden of proof with respect to the discharge of indebtedness (DOI) issue involved in that case. We held that, because the DOI issue constituted a new matter, the Commissioner bore the burden of proof with respect to that issue. Id. at 1088-1089. With no discussion of the burden of proof question, the United States Court of Appeals for the Third Circuit proceeded in Zarin v. Commissioner, 916 F.2d 110 (3d Cir. 1990), on the assumption that the Commissioner bore the burden of proof with respect to the DOI issue involved in that case.

would be includible in gross income by reason of the discharge in whole or in part of indebtedness of the taxpayer if the discharge occurs when the taxpayer is insolvent. The amount of DOI income excluded under section 108(a)(1)(B) is not to exceed the amount by which the taxpayer is insolvent. See sec. 108(a)(3). The term "insolvent" is defined in section 108(d)(3) as follows:

> SEC. 108(d). Meaning of Terms; Special Rules Relating to Certain Provisions.--
>
> \*       \*       \*       \*       \*       \*       \*
>
> (3) Insolvent.--For purposes of this section [108], the term "insolvent" means the excess of liabilities over the fair market value of assets. With respect to any discharge, whether or not the taxpayer is insolvent, and the amount by which the taxpayer is insolvent, shall be determined on the basis of the taxpayer's assets and liabilities immediately before the discharge.

In support of his position that he does not have $6,098 of DOI income for his taxable year 2006, petitioner argues that the outstanding debt to Triad was not enforceable under Iowa law and that he was insolvent at the time of the discharge of that debt.

We turn first to petitioner's argument that the outstanding debt to Triad was not enforceable under Iowa law. Petitioner presented no evidence and provided no legal authority supporting that argument. On the record before us, we find that petitioner has failed to carry his burden of establishing that the outstanding debt to Triad was not enforceable under Iowa law.

We turn now to petitioner's argument that he was insolvent at the time of the discharge of the outstanding debt to Triad. In support of that argument, petitioner relies on his conclusory and uncorroborated testimony regarding certain assets that he owned at that time.[4]  We are not required to, and we shall not, rely on petitioner's testimony to establish the nature and the fair market value of each of his assets and the nature and the outstanding amount of each of his liabilities immediately before the discharge of the outstanding debt to Triad.  See, e.g., Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).  On the record before us, we find that petitioner has failed to carry his burden of establishing that he was insolvent within the meaning of section 108(d)(3) at the time of that discharge.

Based upon our examination of the entire record before us, we find that petitioner has failed to carry his burden of establishing that he does not have $6,098 of DOI income for his taxable year 2006.

_____

[4]It appears that it is petitioner's position that the term "assets" as used in sec. 108(d)(3) does not include assets that are exempt from the claims of creditors under Iowa law.  According to petitioner, the pickup truck that he owned at the time of the discharge of the outstanding debt to Triad was exempt from the claims of creditors under Iowa law and therefore is not to be included in determining under sec. 108(d)(3) the assets that he owned immediately before that discharge.  In support of his position, petitioner relies on Hunt v. Commissioner, T.C. Memo. 1989-335.  We reject petitioner's position, including his reliance on Hunt.  See Carlson v. Commissioner, 116 T.C. 87 (2001).

We have considered all of petitioner's contentions and arguments that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.